```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
UNITED STATES OF AMERICA,     *

     Plaintiff,               *

v.                            *    CIVIL ACTION NO: WDQ-02-2722

$2,005.00 U.S. CURRENCY,      *

     Defendant.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
                                                              *
```

## MEMORANDUM OPINION

In this *in rem* proceeding, the issues are: (1) absent special circumstances, does a person who failed to file a verified claim of right to defendant property have statutory standing to challenge an *in rem* forfeiture action; and (2) if the person does not have standing, what action is appropriate when no motion to strike their pleadings is before the Court?

## Background

On February 27, 2002, members of the Baltimore City Police Department allegedly observed Stanley Woody distributing marijuana from his car.  The officers arrested Woody and recovered $2,005.00 in U.S. currency and marijuana. *See* Verified Complaint for Forfeiture, Statement of Probable Cause.  An inquiry to the Maryland Department of Labor disclosed that Woody's income in 2001 was $442.00.  *Id.*

On August 19, 2002, the United States Attorney for the District of Maryland ("government") filed a Verified Complaint for Forfeiture ("Complaint") against the defendant $2,005.00. On or about August 21, the United States Marshal Service seized the money. Notice of the seizure was printed in the *Baltimore Sun* and the *Afro-American*, newspapers of general circulation, on August 28 and August 31 respectively. *See* Motion for Default Decree of Forfeiture ("Default Motion"), Exhibit B.

The government mailed Woody's attorney a copy of the complaint on November 13. Woody alleges that he filed Answers to Interrogatories and an Answer to Request for Production of Documents in response to the complaint on January 14, 2003. *See* Defendant's Response to Motion for Default Decree ("Response").

On February 10, the government filed its Default Motion, alleging that no claimant had timely answered. On February 12, Woody answered the Complaint for Forfeiture ("Answer") and responded to the Default Motion. The Response asserted that the Clerk's records do not reflect Woody's January 14 filings. The Answer asserted that the currency has been illegally

-2-

seized.  The Answer did not define Woody's interest in the property and denied the government's allegation that the property was "seized from Stanley Woody . . . incident to arrest in the State and District of Maryland."  See Complaint at ¶3; Answer at ¶ 3.

## Analysis

Section 983 of Title 18 of the U.S. Code ("§ 983") and Supplemental Rule of Federal Procedure C ("Rule C") govern *in rem* actions filed pursuant to 21 U.S.C. § 881 (a)(6).  An intervenor in a forfeiture action must demonstrate Article III and statutory standing.  *See United States v. Cambio Exacto, S.A.,* 166 F.3d 522, 526-27 (2d Cir. 1998).

Absent special circumstances, only strict compliance with § 983 and Rule C establishes statutory standing to challenge a forfeiture.  *See United States v. Borromeo,* 945 F.2d 750, 752-54(4th Cir. 1991) (special circumstances and lack of prejudice allowed belated compliance); *United States v. Commodity Account No. 549 54930 at Saul Stone & Company*, 219 F.3d 595, 597-98 (7th Cir. 2000)(strict compliance required absent special circumstances); *United States of America v. Various Computers and Computer Equipment,* 82 F.3d 582, 584-85 (3rd Cir.

1996)( granting standing to *pro se* prisoner who substantially complied with claim requirement); *United States v. Approximately 2,538.85 Shares of Stock Certificates of the Ponce Leones Baseball Club, Inc.,* 988 F.2d 1281, 1284 (1st Cir. 1993)( claimant did not demonstrate standing after failing to file required verified claim); *United States v. $ 80,760.00 in U.S. Currency,* 781 F.Supp. 462, 468 (N.D.Tex. 1991)(strict compliance generally required).

Claimants must file a verified claim to the defendant property no later than 30 days after service of the complaint. § 983 (a)(4)(A); *see also Various Computers and Computer Equipment,* 82 F.3d at 585 (verified claim requirement expedites litigation and filters out false claims).  Within 20 days of filing a verified claim, the claimant must answer the government's complaint to preserve standing.  § 983 (a)(4)(B).

Citing § 983 (a)(4)(A), the government asserts that Woody's claim should have been filed within 30 days of August 31, 2002, the date of the second publication of notice. Default Motion at ¶ 5.  However, when the identity of a potential claimant is known, the Fifth Amendment requires notice by mail.  *Borromeo,* 945 F.2d at 752, *citing Mennonite Board of Missions v. Adams,* 462 U.S. 791, 800 (1983); *see also*

*United States v. Real Property,* 135 F.3d 1312, 1315-1316 (9th Cir. 1998), *citing, United States v. James Daniel Good Real Property,* 510 U.S. 43, 62 (1993) *and United States v. 51 Pieces of Real Property Roswell, N.M.,* 17 F.3d 1306, 1316 (10th Cir. 1994).

Based on the November 13, 2002 service of the complaint, a verified claim should have been filed in mid-December. *See* § 983(a)(4)(A). Woody's January 14, 2003 filing was untimely. To date, no verified claim has been filed by Woody. There do not appear to be special grounds that would excuse the failure to file a verified claim. *See Borromeo,* 945 F.2d at 753-54 (listing 10 factors associated with special circumstances analysis). Because no special circumstances have been asserted, Woody has no standing to contest this forfeiture.

Because no entry of default has been entered pursuant to Fed.R.Civ.P. 55(a) it would be inappropriate to enter a default judgment. *See Johnson v. Dayton Electric,* 140 F.3d 781, 783 (8th Cir. 1998)(when based on a failure to plead or defend against a pleading listed in Fed.R.Civ.P. 7(a), entry of default under Fed.R.Civ.P. 55(a) must precede entry of default judgment under Fed.R.Civ.P. 55(b)); *United States v. $230,963.88 in Unted States Currency, More or Less, et al.,*

2000 U.S.Dist. LEXIS 17376 (D.N.H. 2000) at * 11 (construing governments motion "for default judgment" as motion for entry of default because Rule 55(a) had yet to be satisfied).

## Conclusion

The Court may treat a premature motion for default judgment as a motion for entry of default. *Id.* In this case, that would be appropriate only following the government's filing of a motion to strike the pleadings and an affidavit or certificate of counsel in accordance with LAR (c)(4)(d). *See e.g. United States v. U.S. Currency In The Amount of $103,387.27,* 863 F.2d 555, 557 (7th Cir. 1988); *United States v. One Parcel of Real Property Located at Route 2, Box 293,* 46 F.Supp.2d 572, 574 (S.D.Miss. 1998); *United States v. $10,000 In United States Funds,* 863 F.Supp. 812 (S.D.Ill. 1994). The government's Motion for Default Decree of Forfeiture is denied without prejudice.

/s/

April 4, 2003
Date

William D. Quarles, Jr.
United States District Judge