```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,      *
          Plaintiff,           *
                               *
     v.                        *    CIVIL ACTION NO. WDQ-02-2722
                               *
$2,005.00 U.S. CURRENCY,       *
          Defendant.           *
                       *  *  *  *  *  *  *
```

### MOTION FOR DEFAULT DECREE OF FORFEITURE

The United States of America, by and through undersigned counsel, hereby moves for entry of a Decree of Forfeiture, and in support of such motion states the following:

1. The Verified Complaint for Forfeiture of the defendant property, which, the government submits, sets forth probable cause for the forfeiture of the defendant property, was filed on or about August 13, 2002.

2. On or about August 21, 2002, the U.S. Marshal Service arrested, or executed process on, the defendant property.

3. As the Verified Complaint sets forth, the property was seized from Stanley Woody.  A copy of the Verified Complaint and other pertinent documents were mailed to Kenneth W. Ravenell, Esquire, 401 E. Pratt Street, Baltimore, Maryland 21202, on or about November 13, 2002.  A copy of the letter is annexed hereto as Exhibit A.  The government did not receive a response from Mr. Ravenell within the time period set forth in 18 U.S.C. section 983(a)(4)(A).

4. On or about August 28, and 31, 2002, notice of the pendency of this case was published in the Baltimore Sun and the Afro-American, newspapers of general circulation in Baltimore City,

Maryland, pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims. A copy of the certifications of advertising and Declaration Regarding Circulation are annexed hereto as Exhibit B. Pursuant to 18 U.S.C. section 983 (a)(4)(A), the government received no response from Mr. Ravenell thirty days after the final publication of the pendency of this matter.

6. On February 6, 2003, the government filed a Motion for Default Decree of Forfeiture. The government did not file a Motion to Strike the Claim because no verified claim had been filed in response to the verified complaint.

7. On February 12, 2003, the claimant filed an Answer to the government's verified complaint; 90 days after the government served the complaint and related documents and 165 days after the final publication of the Notice of Seizure. To date, the claimant has not filed a verified claim to the defendant property.

8. On April 4, 2003, the Court issued a Memorandum Opinion denying the government's request for default judgment, but finding that <u>no claim was filed</u> and that an Answer that had been filed was untimely. The Court has, therefore, made a finding that satisfies with the requirements of LAR (c)(4)(d), and the Court's memorandum, consequently, constitutes an "entry of default" in the record.

**WHEREFORE**, the government requests that the Court enter a judgment of default in favor of the United States.

>Respectfully submitted,
>
>Thomas M. DiBiagio
>United States Attorney

_6/23/03
Date

>_____/s/_____
>
>Martin J. Clarke
>Assistant United States Attorney
>6625 United States Courthouse
>101 West Lombard Street
>Baltimore, Maryland 21201-2692
>Telephone (410) 209-4800
>Facsimile (410) 962-3091

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June__23_____, 2003, a copy of the foregoing Motion for Default Decree of Forfeiture was mailed first class, postage prepaid to Kenneth W. Ravenell, Esquire, 401 E. Pratt Street, Baltimore, Maryland 21202.

>/s/
>_____
>Martin J. Clarke
>Assistant United States Attorney

```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,      *
        Plaintiff,             *
                               *
     v.                        *   CIVIL ACTION NO. L-02-2722
                               *
$2,005.00 U.S. CURRENCY,       *
        Defendant.             *
               *  *  *  *  *  *  *
```

### DEFAULT DECREE OF FORFEITURE

**IT IS ORDERED, ADJUDGED, AND DECREED** on this \_\_\_\_ day of June, 2003 that:

1. The United States of America has provided constructive notice by publication of the pendency of this forfeiture action;

2. The time for the filing of any claim to contest this forfeiture has expired;

3. The United States of America has shown that there was reasonable cause for the seizure of the defendant property under 28 U.S.C. section 2465;

4. The defendant property is condemned and all rights, title, and interest of Stanley Woody and any and all other persons, are hereby **FORFEITED** to the United States of America; and

5. The United States Marshal Service shall dispose of the defendant property in accordance with law.

6. The clerk shall provide copies of this order to counsel of record.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge